ORIGINAL



**FILED**

OCT - 7 2005

**RICHARD W. WIEKING**
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PATRICA SCURA, FRED SHUTES, MARGARITA NIEVES, LEE NEALON,<br><br>Plaintiffs,<br><br>vs.<br><br>SHURGARD STORAGE CENTERS, INC.,<br><br>Defendant | Case No. C 02 5246 CRB (JCS)<br><br>[~~PROPOSED~~] ORDER GRANTING JOINT MOTION FOR<br><br>**1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT;**<br><br>**2) ENTRY OF FINAL JUDGMENT;**<br><br>**3) APPROVAL OF PAYMENT OF SERVICE PAYMENTS;**<br><br>**4) APPROVAL OF PAYMENT OF REASONABLE COSTS TO THE CLAIMS ADMINISTRATOR;**<br><br>**5) RESERVATION OF JURISDICTION FOR PURPOSES OF SUPERVISING THE IMPLEMENTATION, ENFORCEMENT, CONSTRUCTION AND INTERPRETATION OF THE SETTLEMENT AGREEMENT AND APPROVAL OF ATTORNEYS FEES AND COSTS**<br><br>[CLASS ACTION]<br><br>**Date:**       **October 7, 2005**<br>**Time:**      **10:00 a.m.**<br>**Ctrm:**      **8**<br>**Judge:**     **Hon. Charles R. Breyer** |

This matter is before the Court on the parties' Joint Motion For Final Approval of Class

Action Settlement and seeking Final Approval of the proposed class action settlement and plan

of distribution; Entry of Final Judgment; Approval of the payment of service payments in the

amount of $5,000 to FLSA class representatives Patricia Scura, Fred Shutes and Lee Nealon, and in the amount of $7,500 to the California Rule 23 sub-class representative, Margarita Nieves (for a total payment of $22,500); Approval of the payment of service payments in the amount of $1,000, for each person, not a named representative Plaintiff in the FLSA Class or the class representative in the California Class, who submitted to deposition, and payments in the amount of $250 for each person, not a named representative Plaintiff in the FLSA Class or the class representative in the California Class or who submitted to deposition, who assisted counsel in providing written discovery responses, which payments are intended to recognize the time and effort they expended on behalf of the Class (for a total payment of $28,750); Approval of the payment of reasonable costs to the Settlement Administrator; and Reservation of jurisdiction for purposes of supervising the implementation, enforcement, construction and interpretation of the Settlement Agreement and hearing and determining Class Counsel's application for an award of attorneys' fees, costs and expenses.

The parties have submitted their proposed Settlement Agreement, which this Court preliminarily approved by its Order of May 27, 2005.  In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and an opportunity to object to it, comment on it, participate in it, or exclude themselves from it. Having considered the proposed Settlement, the papers submitted by the parties in support of final approval of the Settlement Agreement, and the argument at the final approval hearing held on October 7, 2005, the Court hereby grants final approval to the Settlement Agreement and enters judgment accordingly.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1.     This Order incorporates by reference the definitions in the Stipulation For Settlement filed April 22, 2005 ("Stipulation"), and all terms used herein shall have the same meanings as set forth in the Stipulation;

2.     The Court has reviewed the Stipulation and finds that the settlement is fair, adequate and reasonable when balanced against the possible outcome of further litigation relating to class certification, liability and damages.  The Court finds further that extensive investigation, informal discovery and research have been conducted such that counsel for all parties are able to reasonably evaluate their respective positions.  The Court also finds that Settlement at this time will avoid the delay and risks that would be presented by further prosecution of the litigation.  The Court finds that the Settlement has been reached after intensive, serious and non-collusive arm's-length negotiations.  The Court hereby approves the Stipulation and the Settlement described therein as being fair, reasonable, adequate, and in the best interests of the Plaintiff Classes;

3.     Pursuant to the Stipulation, the Court hereby certifies, for settlement purposes only, a class (the "California Class") consisting of all those former and current Shurgard Managers and Managers-in-Training (including those individuals also known as Team Trainers and/or Associates) employed in California during the Recovery Period (in either or both capacities) during the period of time from October 30, 1998, through and including March 31, 2004, and who have not previously "opted-in" to the FLSA Class of the Litigation through the filing and/or execution of a Consent to Join.  The California Class shall be certified pursuant to the terms of Federal Rule of Civil Procedure 23(b)(3) and class members have been afforded the right and opportunity to "opt out" of this class after having been provided with Court-approved Notice.  The named Plaintiff representative shall be and is Margarita Nieves;

4.     Pursuant to the Court's May 27, 2005, preliminary approval order, the form of Notice approved by the Court was mailed to Class Members by first class mail.  The Notice informed Class Members of the terms of the Settlement, their opportunity to file claims, to opt out of this Settlement, to file written objections, and to appear in person or by counsel at the fairness

hearing.  The Court finds that the procedures provided in the Notice afforded protections to Class Members and provided the basis for the Court to make an informed decision on approval of the Settlement based on the overwhelmingly positive response of Class Members.  The Court has considered the declaration of Daniel Rosenthal of Settlement Administrator Rosenthal & Company concerning the Notice given in this action.  The Court finds further that the Notice provided in this case was the best Notice practicable and satisfied all requirements and constitutional due process.  Following Notice, no Class Member objected to the terms of the Settlement.  Plaintiffs' Counsel has submitted evidence that ~~XXX~~ 452 Class Members, or ~~XX~~ 57% of the Class, have filed claims under the Settlement.  Such non-opposition to, and participation in, the Settlement is evidence of the Settlement's fairness, adequacy and reasonableness;

5.    Taking into account (1) the value of the Settlement, (2) the risks inherent in continued litigation, (3) the extent of discovery completed and the state of litigation when Settlement was reached, (4) the complexity, expense and likely duration of the litigation in the absence of settlement, (5) the experience and views of Class Counsel, and (6) the overwhelmingly positive reaction of Class Members, the Court finds that the Settlement is fair, adequate, reasonable and deserves this Court's final approval;

6.    In accordance with the terms of the Settlement Agreement, this action shall be dismissed on the merits and with prejudice.  As set forth in the Settlement Agreement, all Plaintiffs' claims under the California Labor Code, the California Wage Orders, the California Business & Professions Code, and the Federal Fair Labor Standards Act, shall be released pursuant to the following:

> Upon the final approval by the Court of this Settlement Agreement, and except as to such rights or claims as may be created by this Settlement Agreement, the Class Members fully release all claims they may have, have asserted, or might claim or assert, against the Defendant or its affiliates, through the date of the Recovery Period, if such claims arose or accrued at any time during the Recovery Period (hereafter the "Settled Claims") and were and/or could have been alleged and/or referred to in the Complaint filed in this Litigation, for allegedly unpaid wages of any kind or character (including, but not limited to, unpaid straight time, unpaid overtime, unpaid premium pay for any alleged split shifts and/or short shifts, and meal and/or rest period penalties, or any other similar form of unpaid wage-related compensation (excluding health, disability or retirement benefits, worker's compensation claims, bonuses based on either an increase in Funds From Operation (FFO), occupancy levels, rental agreements, revenue generation or any other non-wage related bonus, and personal injury

claims), as well as, for any member of the California Class, any other alleged violations of California labor and unfair competition laws (including the failure to provide uninterrupted meal and rest periods, failure to provide appropriate wages due upon termination, failure to maintain adequate time records of work performed, failure to pay overtime for asserted off-the-clock work and the failure to reimburse for the maintenance of purported uniforms).  This release shall include all claims for interest, liquidated damages and/or penalties (of any kind or nature) arising out of or relating to the Settled Claims, and further extends to and includes claims for damages, statutory "waiting time" penalties, restitution, alleged conversion damages, injunctive relief, declaratory relief, punitive damages, and any other form of relief or remedy provided by law.  The release provisions of the Judgment shall not impair the rights of any current or former employee of Defendant to any accrued vacation pay, sick leave pay, or similar compensation, if any, to which such employee may otherwise be entitled under Defendant's applicable personnel policies under federal and state law.

7.    The Court, in the interests of justice, there being no reason for delay, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a final judgment.

8.    The Court, in the interests of justice, approves of the payment of service payments in the amount of $5,000, each, to FLSA class representatives Patricia Scura, Fred Shutes and Lee Nealon, and in the amount of $7,500 to the California Rule 23 sub-class representative, Margarita Nieves (for a total payment of $22,500); and approves of the payment of service payments in the amount of $1,000, for each person, not a named representative Plaintiff in the FLSA Class or the class representative in the California Class, who submitted to deposition, and payments in the amount of $250 for each person, not a named representative Plaintiff in the FLSA Class or the class representative in the California Class or who submitted to deposition, who assisted counsel in providing written discovery responses, which payments are intended to recognize the time and effort they expended on behalf of the Class (for a total payment of $28,750).

9.    The Court, in the interests of justice, approves of the payment of reasonable costs to the Settlement Administrator, which costs will continue through final administration and mailing of checks.

///

///

[PROPOSED] ORDER GRANTING JOINT MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. C 02 5246 CRB (JCS)

10.    The Court reserves jurisdiction for purposes of supervising the implementation, enforcement, construction and interpretation of the Settlement Agreement and hearing and determining Class Counsel's application for an award of attorneys' fees, costs and expenses and the amount of reasonable costs of the Settlement Administrator.

**IT IS SO ORDERED,** this _____ day of October 2005.

_____
Honorable Charles R. Breyer
United States District Court Judge

[PROPOSED] ORDER GRANTING JOINT MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. C 02 5246 CRB (JCS)

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

Scura et al,

              Plaintiff,

v.

Shurgard Storage Centers, Inc.,

              Defendant.

Case Number: CV02-05246 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 7, 2005, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Clemens H. Barnes
James D. DeRoche, Steven Christopher Gonzalez, William P. Kannow
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099

Edward J. Wynne
J.E.B. Pickett, Matthew Righetti
Righetti Wynne Law Firm
456 Montgomery Street
14th Floor
San Francisco, CA 94104

Tamiko Olabintan
P.O. Box 29261
Oakland, CA 94604

Dated: October 7, 2005

                            Richard W. Wieking, Clerk
                            By: Barbara Espinoza, Deputy Clerk