**ORIGINAL**

EDWARD J. WYNNE        (State Bar No. 165819)
J.E.B. PICKETT         (State Bar No. 154294)
RIGHETTI WYNNE, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Tel:   (415) 983-0900; Fax: (415) 397-9005
Email: jebp@righettilaw.com
Class Counsel

**FILED**

OCT - 7 2005

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PATRICA SCURA, FRED SHUTES, MARGARITA NIEVES, LEE NEALON, <br><br>Plaintiffs,<br><br>vs.<br><br>SHURGARD STORAGE CENTERS, INC.,<br><br>Defendant | Case No. C 02 5246 CRB (JCS)<br><br>[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS<br><br>[CLASS ACTION]<br><br>Date:       October 7, 2005<br>Time:       10:00 a.m.<br>Ctrm:       8<br>Judge:      Hon. Charles R. Breyer |

This matter is before the Court on Class Counsel's application for an award of attorneys' fees and costs, due notice of which was given to all Class members. By agreement of the parties, and subject to the approval of the Court, Class Counsel seek an award of attorneys' fees, to be paid by Defendant, in an amount equal to thirty-three and one-third percent (33-1/3%) of the $2,750,000 common fund created for the Class *minus costs* plus reimbursement of costs advanced by Class Counsel on behalf of Plaintiffs and the Class. Based upon the Court's observation and assessment of the performance of Class Counsel throughout this litigation, oral

---

1

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR AWARD OF ATTORNEYS FEES AND COSTS
Case No. C 02 5246 CRB (JCS)

argument, all papers filed with the Court, and the resulting settlement recovery, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

An award of attorney's fees of ~~$915,750~~ $1,884,849 *Ch* plus costs in the amount of $95,459.00 is hereby approved and awarded to Class Counsel. Such award shall be paid from the $2,750,000 common fund created by the Settlement agreement and shall be paid within 20 days after the later of (i) the end of time for appeal of the Court's Judgment incorporating the final approval of the Settlement Agreement, or (ii) the final resolution, upholding the Settlement Agreement, of any appeal which may be filed.

The court finds that the amount of this award is based on application of both the percentage-of-common-fund and the lodestar-plus-multiplier methods for awarding reasonable attorney's fees and costs. Both methods are available to the Court, both produce a similar result, and the Court relies on each method as an independent basis for its determination of a reasonable award of attorneys' fees and costs.

The award of ~~$915,750~~ $1,884,849 *Ch* is 33-1/3% of the total value of the common benefit created for the class ∧ minus costs. *Ch* As set forth below, in applying the percentage recovery analysis, the Court determines that an award of 33-1/3% of the total settlement consideration ∧ minus costs *Ch* is a reasonable and appropriate attorneys' fee award under the circumstances of this case.

The award also is independently based on the lodestar-plus-multiplier method for determining a reasonable award of attorney's fees. Having reviewed Class Counsel's time records, the Court finds that the lodestar Class counsel have accumulated of $568,125, was reasonable and consistent with their prosecution in this case. This Court further finds that Class Counsel's hourly rates were reasonable for the work they performed. Class counsel seek an award of attorneys' fees equal to their lodestar enhanced by a multiplier of approximately ~~1.61~~ 1.56 *Ch*.

---

2

As set forth below, this requested multiplier is reasonable and appropriate under the circumstances of this case, including the complexity of the issues, the amount and detail of discovery and deposition testimony that occurred, the successful resolution of Class claims that would have been risky and time-consuming to litigate to judgment and the excellent result obtained for the Class. Application of the lodestar-plus-multiplier methods to the overall requested fees also demonstrates that the amount thereof is reasonable.

In setting this award of attorneys' fees and costs, the Court has considered the following factors: (1) the result obtained for the class; (2) the effort expended by counsel; (3) counsel's experience; (4) counsel's skill; (5) the complexity of the issues; (6) the risks of non-payment assumed by counsel; (7) the reaction of the class; and (8) comparison with counsel's lodestar.

As an initial matter, the Court observes that no Class member objected to the terms of the Settlement and only 1 opted out of the Settlement, and no Class member objected to Class Counsel's fee request. The Court finds that Class Counsel has provided an adequate basis for the requested attorney's fees and costs.

As to each specific factor justifying the fee award, the Court observes that the time and labor necessary to prosecute this wage and hour class action was substantial. Resolution of this action took nearly three years, which required Class Counsel to forego other potentially lucrative employment opportunities. In addition, this action was fraught with risk, and Class Counsel prosecuted this action on a contingent basis, accumulating significant costs.

Class Counsel employed their considerable expertise in the area of wage and hour law and of class and collective actions, and thereby created a significant recovery for the Class members. Class Counsel have sound reputations and have substantial experience in the area of complex wage and hour class action litigation. The Court also observes that Class Counsel's

1  fee arrangement with the class representatives used the standard contingent fee retainer, which

2  placed the risk of un-recovered costs and uncompensated attorneys' fees on counsel.

3  Application of all these factors demonstrates both that a percentage fee award of 33-1/3% of

4  the total settlement consideration of $2,750,000 minus costs of $95,459 is appropriate, and that application of the

5  requested multiplier of approximately 1.56 ~~1.61~~ to Class Counsel's lodestar in connection with the

6  settlements is reasonable under the circumstances.

7  The costs of $95,459.00 set forth by Class Counsel are likewise fully documented,

8  reasonable and were incurred in benefit to the Class. The types of costs Class Counsel reported

9  are appropriate for reimbursement.

10  For the foregoing reasons, the Court finds that an award of attorneys' fees of $884,847 ~~$915,750~~

11  plus costs is fair and reasonable compensation for the work performed by Class Counsel in

12  achieving the settlement and hereby grants Class Counsel's request in the amount of $884,847 ~~$915,750~~

13  plus costs of $95,459.00 to be paid according to the terms of the Settlement Agreement

14  between Plaintiffs and Defendant.

**IT IS SO ORDERED**, this ___7___ day of October, 2005.

_____
Honorable Charles R. Breyer
United States District Court Judge

---

4
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR AWARD OF ATTORNEYS FEES AND COSTS
Case No. C 02 5246 CRB (JCS)

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

Scura et al,

        Plaintiff,

v.

Shurgard Storage Centers, Inc.,

        Defendant.
_____/

Case Number: CV02-05246 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 7, 2005, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Clemens H. Barnes
James D. DeRoche, Steven Christoper Gonzalez, William P. Kannow
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099

Edward J. Wynne
J.E.B. Pickett, Matthew Righetti
Righetti Wynne Law Firm
456 Montgomery Street
14th Floor
San Francisco, CA 94104

Tamiko Olabintan
P.O. Box 29261
Oakland, CA 94604

Dated: October 7, 2005

                                        Richard W. Wieking, Clerk
                                        By: Barbara Espinoza, Deputy Clerk